UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JOHN G. YOUNG, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO. 3:14-CV-1603 JM |
| v. | ) | |
| | ) | |
| SUPERINTENDENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION and ORDER

John G. Young, a *pro se* prisoner, filed an amended complaint pursuant to 42 U.S.C § 1983. (DE # 16.) Pursuant to 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint,

however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

As a preliminary matter, Young has filed a "Motion for Continuance," in which he appears to request a 90-day extension of the deadline for filing an amended complaint. (DE # 17.) His request is confusing, since he already filed the present amended complaint prior to the deadline. To avoid further delay, and given the nature of the medical issues raised in the amended complaint, the court will proceed to screen the complaint that has already been filed.[1] If Young believes further amendments are needed after he reviews this screening order, he is free to file a motion seeking leave to amend pursuant to FEDERAL RULE OF CIVIL PROCEDURE 15. He must tender a proposed amended complaint along with such a motion, should he choose to file one.

According to the amended complaint, Young is an inmate within the Indiana Department of Correction ("IDOC"). He is presently housed at Miami Correctional Facility ("Miami"). He claims to suffer from "broken knees," which necessitated surgery to replace an artery in 2012. The complaint can be read to allege that medical staff delayed for a significant period of time in sending him for the surgery. He further alleges that he has had ongoing pain and swelling since the surgery, which has not been properly treated by medical staff. He claims that in 2013, medical staff gave him too much ibuprofen and naproxen for the pain, which caused bleeding in his stomach. In

---

[1] The court notes that this case was originally filed in the U.S. District Court for the Southern District of Indiana; it was transferred to this court in June 2014. (DE ## 1, 9.)

2

connection with these allegations, Young sues a host of defendants: IDOC Commissioner Bruce Lemmon; Superintendent Mark Sevier; Medical Director Leann Ivers; Nurse Practitioner Kim Mayers; Nurse Practitioner Shelly Mayers; Dr. Noe Marandet; Medical Administrator Lynn Fry; and nurses Lauren Siblisk, Ms. Bernice (last name unknown), James Cattin, Jr., and Angel Dishon. He also sues two officials from Corizon Medical Services, a private company which provides medical care at the prison: President John Dallas and Regional Medical Director Michael Mitcheff, M.D.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjecting component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005).

On the subjective prong, the plaintiff must establish that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005). For a medical professional to be held liable for deliberate indifference, he or she must make a decision that represents "such a

substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). Although the Eighth Amendment does not entitle an inmate to demand a specific form of treatment, prison medical staff cannot simply continue with a course of treatment that is known to be ineffective. *Greeno*, 414 F.3d at 654-55. Furthermore, a delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain or suffering. *Arnett v. Webster*, 658 F.3d 742, 752-53 (7th Cir. 2011); *Grieveson v. Anderson,* 538 F.3d 763, 779 (7th Cir. 2008).

Giving Young the inferences to which he is entitled at this stage, he has alleged a serious medical need with respect to his knees, which at one point required surgery and have caused him ongoing pain for a period of years. On the subjective prong, the complaint can be read to allege that all of the defendants were personally aware of his need for proper pain medication and treatment, but turned a blind eye to his need, or declined to approve needed treatment for monetary reasons. Further factual development may show that some of the defendants— particularly the high-ranking officials—were not personally involved in these events, or that the treatment Young received was reasonable under the circumstances. However, accepting his allegations as true, he has alleged enough to proceed further against the defendants.

As a final matter, Young has sent the court two letters. (DE ## 18, 19.) In one of the letters he appears to complain that he has had difficulty getting his counselor to

"certify" certain papers for this lawsuit. (DE # 19.) It is unclear what he is referring to, as Young is not presently under any obligation to certify or submit documents. As discussed in this order, the court is granting him leave to proceed on his denial of medical care claims. Any relief he is seeking in this letter will be denied.

In the second letter, which is directed to the clerk, Young mentions wanting a "restraining order." (DE # 18.) Although unclear, he may be trying to seek preliminary injunctive relief. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain preliminary injunctive relief, the moving party must demonstrate that he or she has a reasonable likelihood of success on the merits, lacks an adequate remedy at law, and will suffer irreparable harm if immediate relief is not granted. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008). Obtaining a temporary restraining order without prior notice to the adverse party requires the movant to satisfy an even higher standard, by showing "that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A).

The Prison Litigation Reform Act ("PLRA") "circumscribes the scope of the court's authority to enter an injunction in the corrections context." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) Under the PLRA, injunctive relief must be "narrowly

drawn, extend no further than necessary to remedy the constitutional violation, and must use the least intrusive means to correct the violation of the federal right." *Id.* As the U.S. Supreme Court has observed, "the problems of prisons in America are complex and intractable," and "courts are particularly ill equipped to deal with these problems[.]" *Shaw v. Murphy*, 532 U.S. 223, 229 (2001) (internal quote marks and citation omitted). Accordingly, courts must afford prison officials "wide-ranging deference" in the day-to-day operations of a correctional facility. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979).

Here, Young asserts that one of the defendants, Nurse Siblisk, has been bothering and harassing him. Young would prefer that Nurse Siblisk stay away from him since he has filed this lawsuit against her. Because the defendant has not yet been served, Young must make a significant showing to obtain relief at this stage. He has not made such a showing. Young is being granted leave to proceed against Nurse Siblisk in connection with his need for medical care, and there is nothing to indicate that she prevented him in any way from pursuing this lawsuit. Mere verbal harassment or rude behavior does not give rise to a constitutional claim, nor does it demonstrate that Young is likely to suffer irreparable injury if immediate injunctive relief is not granted. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (rude language or verbal harassment by prison staff "while unprofessional and deplorable, does not violate the Constitution.").

Young also mentions that another prison staff member, Rick Palmer, has used chemical spray on him more than once. Young does not provide any detail about these incidents, and there is nothing in the one-page letter from which it might be plausibly inferred that Palmer's actions were anything other than a good-faith attempt to maintain order in the facility. *See Washington v. Hively,* 695 F.3d 641, 643 (7th Cir. 2012); *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009). Furthermore, Palmer is not named as a defendant in this lawsuit. If Young believes he has been subjected to excessive force by Palmer or others, he is free to file a new lawsuit asserting an excessive force claim. He cannot raise this unrelated claim in this lawsuit, which pertains to the denial of medical care for a knee problem. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Based on what has been submitted, the request for a restraining order will be denied. If, as the case progresses, additional events occur that cause Young to fear for his safety or otherwise place him in need of immediate relief, he is free to renew his request. He should put his request in the form of a motion, providing as much detail as possible about why he needs immediate relief while this action is pending.

For these reasons, the court:

(1) **GRANTS** the plaintiff leave to proceed against Bruce Lemmon, Mark Sevier, Leann Ivers, Kim Mayers, Shelly Mayers, Dr. Noe Marandet, Lynn Fry, Lauren Siblisk, Ms. Bernice (last name unknown), James Cattin, Jr., Angel Dishon, John Dallas and Dr.

Michael Mitcheff in their individual capacities for monetary damages for denying him adequate medical care in violation of the Eighth Amendment;

(2) **DISMISSES** any and all other claims contained in the amended complaint;

(3) **DIRECTS** the U.S. Marshals Service to effect service of process on Bruce Lemmon, Mark Sevier, Leann Ivers, Kim Mayers, Shelly Mayers, Dr. Noe Marandet, Lynn Fry, Lauren Siblisk, Ms. Bernice (last name unknown), James Cattin, Jr., Angel Dishon, John Dallas and Dr. Michael Mitcheff pursuant to 28 U.S.C. § 1915(d);

(4) **ORDERS** Bruce Lemmon, Mark Sevier, Leann Ivers, Kim Mayers, Shelly Mayers, Dr. Noe Marandet, Lynn Fry, Lauren Siblisk, Ms. Bernice (last name unknown), James Cattin, Jr., Angel Dishon, John Dallas, and Dr. Michael Mitcheff to respond, as provided for in the FEDERAL RULES OF CIVIL PROCEDURE and N.D. IND. L.R. 10-1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order; and

(5) **DENIES** any relief requested in the plaintiff's additional filings (DE ## 17, 18, 19).

                                          **SO ORDERED.**

Date: August 13, 2014

                                      s/James T. Moody  
                                      JUDGE JAMES T. MOODY  
                                      UNITED STATES DISTRICT COURT