# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | |
|---|---|
| JOHN G. YOUNG,<br>    Plaintiff, | )<br>) |
| v. | ) CAUSE NO. 3:14-CV-1603-JTM-JEM<br>)<br>) |
| SUPERINTENDENT, *et al.*,<br>    Defendants. | )<br>)<br>) |

## OPINION AND ORDER

This matter is before the Court on a Motion to Compel Discovery [DE 66], filed by John G. Young, a *pro se*, prisoner on January 27, 2016. Defendants Fanning, Kimberly Myers, Dishon, Marandet, Siblisk, Cattin, Ivers, Dallas, Michelle Myers, Mitcheff, and Frye filed a response on February 8, 2016, and Defendants Sevier and Lemmon filed a response on February 10, 2016. Young has not filed a reply and the time to do so has passed. In the instant Motion, Young seeks an order compelling Defendants to respond to the discovery requests he hand delivered to them during his deposition on November 23, 2015. Defendants argue that they are not obligated to respond because Young's requests were untimely.

Federal Rule of Civil Procedure 26(b)(1) permits discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *See* Fed. R. Civ. P. 37(a). A party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when deciding discovery matters. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837

(7th Cir. 2014); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993)).

Young served his discovery requests on Defendants on November 23, 2105, creating a response date after the December 2, 2015, discovery deadline. *See* Fed. R. Civ. P. 33 (responding party must serve its answers and any objections to interrogatories within 30 days after being served with such interrogatories); Fed. R. Civ. P. 34 (responding party must respond to a document request within 30 days after being served with such request). Requests for discovery must be made in sufficient time to allow the opposing party to respond before the discovery deadline, and when a discovery request is not filed within that time frame, the opposing party is under no duty to respond. *See Shadle v. First Fin. Bank, N.A.*, No. 1:09-CV-37, 2009 WL 3787006, at *2 (N.D. Ind. Nov. 10, 2009); *Westbrook v. Archey*, No. 1:05-CV-00057, 2006 WL 545008, at *1 (N.D. Ind. Mar. 3, 2006); *Shroyer v. Vaughn*, No. 1:00-CV-256, 2002 WL 32144316, at *1 (N.D. Ind. July 10, 2002). In this case, Young does not dispute that he served the discovery requests less than 30 days prior to the discovery deadline, nor does he provide any explanation for his failure to serve the discovery earlier. Therefore, Defendants have no duty to respond to Young's untimely discovery requests.

As a final matter, Young asserts that he mailed his discovery requests to the Court on November 20, 2015. Because this is a *pro se* case, all discovery must be filed with the Court pursuant to the Local Rules. *See* N.D. Ind. L.R. 26-2(a)(2). However, a review of the docket reveals that Young has not filed any discovery requests in November of 2015.

For the foregoing reasons, the Court hereby **DENIES** the Motion to Compel Discovery [DE 66].

SO ORDERED this 26th day of February, 2016.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc:   All counsel of record  
      Plaintiff, *pro se*

2